J-S20036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT WAYNE DEVINE | : | |
| | : | |
| Appellant | : | No. 1544 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 1, 2024
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000605-2023

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED JULY 15, 2025**

Appellant, Robert Wayne Devine, appeals from the judgment of sentence of 21 to 60 months' incarceration, imposed after a jury convicted him of arson – endangering property (18 Pa.C.S. § 3301(c)(2)).  On appeal, Appellant solely challenges the sufficiency of the evidence to support his conviction.  After careful review, we affirm.

At Appellant's jury trial, the Commonwealth called Towanda Borough Police Officer Ryan Edsell to the stand.[1]  Officer Edsell testified that on August 27, 2023, he was on routine patrol when he saw "large plumes of black smoke rising from Second Street, [and the] Elizabeth Street area."  N.T. at 35.  Officer Edsell responded to the location of the smoke and determined that a

_____

[1] Although Ryan Edsell testified that he was no longer a police officer at the time of Appellant's trial, we will refer to him herein as "Officer Edsell" for clarity purposes.  **See** N.T., 5/7/24, at 31.

fire was burning outside a residence at 608 Tidd Alley, which he knew to be a home rented by Appellant.[2] *Id.* at 34, 41. Officer Edsell, who knew Appellant from the community, observed Appellant "exiting the home with some … belongings in his hands." *Id.* Officer Edsell directed Appellant not to throw the items into the fire, but Appellant did so anyway "and then turn[ed] and stare[d] at [Officer Edsell]." *Id.* at 42. The officer testified that Appellant then went into his house and closed the door as the officer was trying to radio "for the fire department…." *Id.* at 44. Several minutes later, volunteer firemen began arriving at the scene. *Id.* at 51-53.

The first volunteer fireman to arrive, Jeremy Sheets, testified that when he got to Appellant's home, he "observed a fire that was fairly close to the structure." *Id.* at 96. When he felt the side of the house, "the siding was extremely hot." *Id.* Mr. Sheets explained that the siding was so hot that it "was starting to off-gas, which in fire department terms [means it] was

---

[2] We note that Officer Edsell testified he was wearing a body camera, which he turned on as he drove towards the location of the smoke. *See* N.T. at 37. At trial, the Commonwealth admitted the footage from Officer Edsell's body-worn camera, and it was played as the officer described what was being shown at the scene of the fire. The video was not included in the certified record that was electronically submitted to this Court. "[I]t is an appellant's duty to ensure that the certified record is complete for purposes of review." *Commonwealth v. Lopez*, 57 A.3d 74, 82 (citation omitted). However, Appellant does not dispute that Officer Edsell accurately described what was shown on the video during his testimony; thus, we do not deem Appellant's issue waived, despite his failure to ensure that the video was contained in the certified record transmitted to this Court for our review. *See id.* ("[O]ur Court has stated a [f]ailure to ensure that the record provides sufficient information to conduct a meaningful review constitutes waiver of the issue sought to be reviewed.") (citation and internal quotation marks omitted).

heating up to the point where it's … getting ready for combustion." *Id.* at 97. Mr. Sheets further testified that he could visibly see what "look[ed] like steam, more or less[,]" coming off the siding. *Id.*; *see also id.* at 54 (Officer Edsell's also testifying that when he looked closely at that side of the building, he observed that it "was steaming"). Mr. Sheets also observed "a window … that had … shattered from the heat." *Id.* at 96. Mr. Sheets testified that he did not see anything on scene that could have put the fire out quickly, such as a hose, fire extinguisher, rake, shovel, or water. *Id.* at 98.

Ultimately, the fire was extinguished and Appellant was arrested, but only after officers had to enter his home with their weapons drawn and taser him because he refused to come out of an upstairs room with his hands raised. *See id.* at 68-73 (Officer Edsell's explaining the circumstances surrounding Appellant's arrest inside the home). Appellant was charged with arson, as well as resisting arrest (18 Pa.C.S. § 5104(a)(4)), and disorderly conduct (18 Pa.C.S. § 5503(a)(4)).

Prior to trial, the Commonwealth withdrew the disorderly conduct charge. After a jury trial in May of 2024, Appellant was found guilty of arson and acquitted of resisting arrest. On July 1, 2024, the court sentenced Appellant to 21 to 60 months' incarceration. He filed a timely post-sentence motion, which was denied on September 20, 2024. Appellant then filed a timely notice of appeal, and he and the court complied with Pa.R.A.P. 1925. Herein, Appellant raises one issue for our review: "Was the evidence adduced

at trial insufficient as a matter of law to establish Appellant's guilt beyond a reasonable doubt with regard to attempted arson?" Appellant's Brief at 4.

Initially, we observe that,

[w]hether the evidence was sufficient to sustain the charge presents a question of law. Our standard of review is *de novo*, and our scope of review is plenary. In conducting our inquiry, we examine[,]

whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, [is] sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Rojas-Rolon*, 256 A.3d 432, 436 (Pa. Super. 2021) (cleaned up).

Instantly, Appellant challenges his conviction for arson as defined by 18 Pa.C.S. § 3301(c)(2), which states:

**(c) Arson endangering property.**--A person commits a felony of the second degree if he intentionally starts a fire or causes an explosion, whether on his own property or that of another, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, and if:

\*\*\*

> (2) he thereby recklessly places an inhabited building or occupied structure of another in danger of damage or destruction[.]

18 Pa.C.S. § 3301(c)(2).

Appellant specifically argues that the evidence was insufficient to prove he acted recklessly. Our Crimes Code provides:

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(3).

Here, Appellant insists that he did not act recklessly because

> [h]e testified that he kept an eye on the fire and that he had previously burned refuse at that residence. Officer Edsall [*sic*] testified that he did not attempt to put out the fire, and that the fire was dying down on its own accord. There was no evidence that the structure was burned[,] and Officer Edsall [*sic*] told the first[-]responding fireman that it (the fire) was not endangering anything. Further, it should be noted that there was no testimony that water was used to extinguish the fire. Indeed, the only testimony about water was when the Commonwealth asked Officer Edsall [*sic*], who was reviewing the body-cam[era] footage,
>
>> Q: … [T]here's a bucket here. At any time did you notice if that bucket was full of water, ready to be thrown on that fire to put it out?
>>
>> A: []I don't believe there was any water. I thought that was used to carry stuff. []
>
> [N.T.] at []61[].

Appellant's Brief at 12-13.

Appellant's argument attempting to minimize the significance of the danger caused by the fire is unconvincing, given Officer Edsell's and Mr. Sheets' testimony, detailed *supra*. Namely, Officer Edsell testified that he saw large plumes of black smoke coming from Appellant's fire from several streets away. Both the officer and Mr. Sheets testified that the fire set by Appellant was so hot, and so close to his home, that they observed steam coming off the siding. Mr. Sheets testified that when he felt the outside wall of the house, the siding was extremely hot, and he explained that the steam coming off the siding of the house indicated that it was close to combustion. Mr. Sheets also observed a shattered window that he believed had broken due to the fire's heat.[3] Additionally, Mr. Sheets testified that there was nothing close to the fire that could have been used to put it out, such as a hose, rake, shovel, or water.

Moreover, Officer Edsell testified that the fire was still burning 13 minutes after he arrived at the property. N.T. at 59. Contrary to Appellant's claim that there was no testimony that the fire had to be extinguished with water, Officer Edsell testified that firefighters were "going through the fire – rolling it over and hosing it down, and just cycling water through the [fire] …

_____

[3] Although Appellant testified that the window was broken before the fire, **see** N.T. at 116, the jury was free to disbelieve this testimony and credit Mr. Sheets' testimony that the window was likely shattered due to the heat from the fire. **See Trinidad**, 96 A.3d at 1038 ("When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence.").

to make sure it [did not] rekindle…." ***Id.*** The officer also testified that firefighters had to "hos[e] down the side of the house because it was extremely hot." ***Id.*** at 62.

Given this testimony, we conclude that the Commonwealth presented sufficient evidence to demonstrate that Appellant recklessly placed his residence, which he rented and was owned by another individual, in danger of damage or destruction. Appellant started a fire that was large enough, and close enough, to his residence that steam was coming off the siding of the home indicating it was close to combustion, a window cracked from the heat, and firefighters had to hose it off as a precaution. This evidence was sufficient to prove that Appellant committed arson by recklessly disregarding a substantial and unjustifiable risk that the fire he set would cause damage or destruction to his residence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/15/2025